ELIZABETH PARTLOW v. D. G. COOKE ET AL., EXECUTORS
OF HENRY HUDSON.

As a general rule of law, a request to perform any labor or service implies a promise to pay for it when performed ; but there may be such a relationship between the parties or such circumstances in the case, that a promise to pay is not necessarily implied by such a request, and, in that case, it will be left with the jury to determine from the evidence, whether the party making the request has given the other party reason to believe that he should be remunerated.

THIS was an action of assumpsit to recover compensation for services in taking care of and nursing one Nancy Allen, an aged and infirm woman and a sister of the tes-

60

tator of the defendants, for a period of four years. The defendants admitted that the services were performed and were worth the sum charged, but contended that the testator was under no obligation to pay for them. The evidence showed, that the plaintiff was a niece of Nancy Allen and that, for some years previous to the date of this charge against the testator, she had resided with her father and mother, who were very old people, in whose house said Nancy Allen had been an inmate, and that the plaintiff had then performed for her services of the same character, as those for which she charged the testator. The necessaries for the support and maintenance of the family were supplied and paid for, during this time, by the plaintiff's brother, but the plaintiff received no compensation for her services, unless some trifling presents from her brother could be considered as such. Her father and mother died, and her brother met with reverses in business, which rendered him unable to continue to afford to his sister and said Nancy the assistance which he had hitherto done. The plaintiff, also, was discontented with her situation, and had received several advantageous offers of employment, which she was anxious to embrace. Under these circumstances, her brother went to the testator and represented to him the position of the plaintiff and said Nancy, and his own want of means to provide for them, and requested the plaintiff to do something to make the remainder of said Nancy's life as comfortable as possible; and the testator undertook to relieve him of any further charge in that particular, and suggested that, if the plaintiff could be induced to continue in the care of said Nancy, it would contribute very materially to her comfort, she having from long familiarity become better acquainted with her necessities and better fitted to re-

Partlow *v.* Cooke et al.

lieve them, than any other would or could become. To this the plaintiff's brother assented, but expressed great doubt if she could be induced to remain as she was. The testator, however, visited the plaintiff, and after some persuasion, prevailed upon her to remain in charge of said Nancy ; after which time, all the bills for necessaries and supplies to the family were paid by him, but there was no evidence to show that he had ever paid the plaintiff any thing or had ever expressly promised to pay her for her personal services.

*Ames* for the defendants contended. That although, as a general rule, a request to perform a service implies a promise to pay for it on the part of him who makes the request, yet there are cases where from the relations and circumstances no such implication will arise, as if the service is performed by a son or daughter, or even a stranger living in the house of the person who makes the request, and that the principle of those cases governed the present, the service in the present case, having been performed rather to discharge the claims and duties of relationship than from any expectation of reward, it being natural to suppose that the arrangement between the plaintiff and the testator was, that he should, as his part of a voluntary contribution, pay for the necessary supplies of herself and her aunt, and that on her part, she should render such personal services as were essential to her comfort. *Lovet* v. *Price,* (Wright 89.) *Andrus* v. *Foster,* (17 Verm. 556.) *Defrance* v. *Austin,* (9 Barr. 309.) *Jarvis* v. *Parsons,* (7 Watts & Serg. 357.)

*Potter* for the plaintiff.

The Court charged the jury that, though in ordinary cases, where there was nothing in the relations of the parties to indicate that the service was gratuitous, they would be bound to infer from the request to perform a given service a promise, on the part of the person making the request, to pay for such service when performed ; yet, there might be circumstances in the case or relations between the parties, such, that the promise to pay would not be necessarily implied, but must be expressly proved, and that unless they should be satisfied from the evidence in the present case that the testator gave the plaintiff reason to believe that she should be remunerated for her services, they would not be authorized to find a verdict in her favor.

*Verdict for the plaintiff.*